**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| IVETTE GOMEZ, AKA Maria Margarita Jimenez, AKA Sandra Lucia Lujan, AKA Selene Reyes-Amacosta, <br><br>       Petitioner, <br><br>   v. <br><br> MERRICK GARLAND, Attorney General, <br><br>       Respondent. | No.   17-71497 <br><br> Agency No. A208-205-320 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2022**
San Francisco, California

Before:  W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

Petitioner Ivette Gomez petitions for review of a decision of the Board of

Immigration Appeals (BIA) denying her claim for protection under the Convention

Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252(a), and we

deny the petition.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner is a native and citizen of Mexico. On April 5, 2016, border patrol agents apprehended Petitioner following her most-recent illegal entry into the United States. Petitioner sought asylum, withholding of removal, and CAT protection, claiming to fear the Michoacan Family—a Mexican gang that kidnapped and murdered her brother in 2013. When the brother was kidnapped, Petitioner's family contacted the police, but were too afraid to file a report. Nevertheless, the police sent an officer to the family home and the officer remained with the family for two days to screen and record phone calls. Petitioner's brother was later found seriously injured and eventually died. After her brother died, a police officer came to the hospital, filed a report about his murder, and began an investigation. For approximately a year and a half following her brother's death, the Michoacan Family threatened Petitioner's family, telling them they would do the same thing again.

Then, two years later, three men—who Petitioner believes were members of the Michoacan Family—pulled alongside Petitioner's car and threatened her with a gun. Petitioner drove to a nearby store where police officers were present and told them about the incident. Other officers were called to the scene, and three additional patrol cars responded. Petitioner insisted that the incident was related to her brother's death, so police declined to accept her report; telling Petitioner instead that she would need to contact the government attorney handling her brother's case.

On November 18, 2016, the Immigration Judge denied Petitioner's request for asylum, withholding of removal, and CAT protection in its entirety. Because

2

Petitioner was subject to a prior removal order, the Immigration Judge found Petitioner categorically ineligible for asylum. Alternatively, the Immigration Judge considered the merits of Petitioner's application and found that she had failed to establish past persecution or a well-founded fear of future persecution. Accordingly, Petitioner was ineligible for asylum or withholding of removal. And because Petitioner failed to establish that she would be tortured by or with the consent of Mexican officials, she also failed to qualify for CAT protection. Petitioner appealed to the BIA.

On April 26, 2017, the BIA dismissed Petitioner's appeal. As the BIA observed, Petitioner did not "meaningfully challenge" the Immigration Judge's denial of asylum and withholding of removal. Rather, Petitioner challenged only the Immigration Judge's denial of her CAT claim. On that issue, the BIA found that "the Mexican government ha[d] shown a willingness to investigate the death of [Petitioner's] brother" and that the record failed to establish that Mexican officials "would more likely than not consent, acquiesce, or be willfully blind" to any future harm Petitioner faced. Petitioner timely petitioned for review.[1]

Where, as here, the BIA issues its own opinion, we review the BIA's opinion as the final agency determination. *See Corpuz v. Holder*, 697 F.3d 807, 810 (9th Cir. 2012). "We review the denial of … CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this

_____

[1] Before our court, Petitioner challenges only the agency's denial of her CAT claim.

3

standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)).

To establish entitlement to CAT protection, an applicant must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Petitioner is eligible for CAT protection only when the feared torture is inflicted "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Petitioner has failed to make this showing.

The police urged Petitioner's family to file a report after her brother's kidnapping, but they were too afraid to leave the house. Therefore, the police sent an officer to the family's home. The officer stayed with the family for two days, monitoring all incoming calls and reporting his findings. And when Petitioner's brother was found, a police officer was present at the hospital and reported the death before opening an investigation.

Then, when Petitioner was threatened two years later, three patrol cars responded and referred Petitioner to the government attorney handling her brother's case. The police declined to accept Petitioner's police report, but only because Petitioner insisted that the incident was related to her brother's death for which there was already an open file. And while it is unfortunate that the Michoacan Family

4

seems to continue to evade justice, "general ineffectiveness on the government's part" is "not suffic[ient] to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

Finally, Petitioner testifies that the Michoacan Family boasted that police were on their side. While testimony can sometimes sustain a CAT claim, *see* 8 C.F.R. § 1208.16(b), such second-hand assertions alone are not enough to meet the more-likely-than-not standard of proof, *see Ladha v. INS*, 215 F.3d 889, 900 (9th Cir. 2000), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009). Moreover, Petitioner learned of the Michoacan Family's boasting from her mother, who did not testify before the Immigration Judge. And in any event, such boasting does not change that the record reflects that the police actively investigated the violence and threats perpetrated against Petitioner and her family.

In short, the record does not compel reversal of the BIA's determination.

**PETITION DENIED**.